# Laflin & Rand Powder Co. et al., Plffs. in Err., *v.* James C. Murray.

Assignment of error in these words: "The court erred in refusing to affirm defendants' points and entering judgment for plaintiff,"—*Held* insufficient, because the points and answers were not quoted; and judgment affirmed.

(Decided October 26, 1885.)

Error to the Common Pleas of Cambria County. Affirmed.

The case was a feigned issue awarded to determine the ownership of a large quantity of powder, dynamite, etc., which Murray had attached as the property of one Van Aken, but which was claimed as the property of the defendants, the Laflin

NOTE.—Most systems of review require that the error or defect below, of which the aggrieved party complains, shall be explicitly alleged. Thus: where bills of exceptions are used, authorities are numerous that the bill must separately specify each error; a general exception to a charge, as a whole, cannot prevail, unless the entire charge was erroneous. Abbott, U. S. Digest, title, *Error*, IV.; Abbott Nat. Digest, title, *Appeal*, 79; Abb. N. Y. Digest, title, *Exceptions*, III. See also Powell, Appellate Proceedings; Hayne, New Trial Appeal, etc. In the practice of the Supreme Court of the United States, an assignment of error which alleges simply that the court below erred in giving the instructions which were given instead of those asked, but without stating in what the error consisted, or in what part of the charge it will be found, is an insufficient assignment under supreme court rule No. 21 (Lucas v. Brooks, 18 Wall. 436, 21 L. ed. 779), and a failure to make a proper assignment warrants affirmance. Treat v. Jemison, 20 Wall. 652, 22 L. ed. 449. The supreme court of Pennsylvania has adhered rigidly to its rule in this respect, and in many instances has refused to entertain cases, probably meritorious, on account of defects in the assignment of errors. Daniel v. Daniel, 23 Pa. 198; Bull's Appeal, 24 Pa. 286; Arthurs v. Smathers, 38 Pa. 40; Thompson v. M'Connell, 1 Grant Cas. 396; Cramer v. Carlisle Bank, 2 Grant Cas. 267; Zerbe v. Miller, 16 Pa. 488; McKelvy v. Wilson, 9 Pa. 183: Franklin F. Ins. Co. v. Updegraff, 43 Pa. 350; Snyder v. May, 19 Pa. 235; Sanders v. Wagonseller, 19 Pa. 248.

The rule is uniform in Pennsylvania, that, if error is assigned to points, both the points and answers objected to must be set out in the specifications. Walton v. Hinnau, 146 Pa. 396, 23 Atl. 342; Snyder v. May, 19 Pa. 235; Brown v. Brooks, 25 Pa. 210; Franklin F. Ins. Co. v. Updegraff, 43 Pa. 350; Pennsylvania R. Co. v. Sly, 65 Pa. 205; Readdy v. Shamokin, 137 Pa. 92, 20 Atl. 424; Irvin v. Kutruff, 152 Pa. 609, 25 Atl. 796.

& Rand Powder Company, and Patterson and Andrews, who had furnished it in quantity along a railroad which Murray was constructing, to be used by him as needed, and to be paid for as used.

Upon the trial the defendants distinctly requested the court to instruct the jury as follows:

1. That the delivery of the powder, fuse, etc., to Van Aken, by the defendants, was upon a bailment; and, hence, the same are protected from Van Aken's creditors, and the verdict must be for defendants.

2. That the contract, as testified to . . ., being that the defendants should store a quantity of powder, etc., in a. magazine at Ashland, from which Van Aken was to draw, as required (and for which he was to make monthly returns and payments), the powder, etc., in the magazine continued the property of the defendants, and the verdict must be for the defendants.

The court, however, instructed the jury: "We are quite clear that this, taking all the defendants' testimony as true, was not a bailment, but a conditional sale; and, so viewing the law, we refuse to affirm defendants' points; and direct judgment to be entered for plaintiff.

Defendants brought error.

But the assignment of error was in the following form:

"The court erred in refusing to affirm defendants' points and in entering judgment for plaintiff."

*F. A. Shoemaker* for plaintiffs in error.

*G. M. Reade* for defendant in error.

PER CURIAM:

The assignment of error is not according to rule. The points and answers referred to are not quoted *totidem verbis* in the specification. In fact the paper book does not show that any charge was delivered to the jury, but rather an opinion of the court on certain facts stated. It may be that the learned judge is not correct; but, from the irregular and defective manner in which the case is set forth in the paper book of the plaintiff in error, we cannot say that the judgment is wrong.

Judgment affirmed.